## BUFFINGTON vs. COOK.

[ACTION FOR CONTRIBUTION.]

1. *Conclusiveness of judgment as between joint defendants.*—In an action against two jointly, for money loaned and advanced, and to recover damages for a breach of contract by which plaintiff purchased from the defendants an interest in a steamboat, a judgment for the plaintiff is not conclusive, in a subsequent action between the defendants for contribution, as to the fact and measure of liability between them.
2. *General charge on evidence.*—A general charge in favor of either party, where there is the slightest conflict in the evidence on any material point, is an invasion of the province of the jury.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Major Cook, against Thomas M. Buffington, to recover one-half the amount paid by the plaintiff, under execution, on a judgment rendered against him and the defendant jointly, in favor of one E. P. Chappell. The defendant pleaded the general issue,

in short by consent, and a special plea, averring that he had no interest in the contract and cause of action on which the judgment in favor of Chappell was founded, but that the plaintiff alone was responsible to Chappell for the performance of said contract; and the trial was had on issues joined on these two pleas.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence a certified transcript of the judgment in favor of Chappell, the sheriff's receipt for the money paid under execution on the judgment, and the deposition of one T. V. W. Buffington. The action of Chappell against Buffington and Cook, as shown by the complaint in that case, was brought to recover $700 for money loaned and advanced by plaintiff to defendants, and also damages for the defendants' breach of a contract, by which the plaintiff purchased from them an interest of three-sixteenths in a steamboat called the *Clara*, (thereby becoming entitled to a similar interest in a new steamboat which they were then building at Cincinnati, called the *Champion*,) and paid them $700 on account of the purchase; the breach alleged being, that the defendants refused to make title to the plaintiff for the interest purchased by him in the old boat, and refused to recognize his interest in the new boat. The cause was tried on issue joined, and judgment was rendered against both of the defendants; and this judgment was afterwards paid, under execution, by Cook, the plaintiff in the present action. The witness Graham, who was the book-keeper of Buffington and Cook, testified to the ownership of the steamboat *Clara* by the different parties in interest, the disposition which was made of the money received from Chappell on account of his purchase, and the manner in which the accounts of Buffington and Cook, connected with both of the steamboats, were settled. The defendant then introduced Chappell as a witness, the substance of whose evidence was as follows: In the summer of 1853, after witness had purchased an interest in the steamboat, and after the *Clara* had been carried to Cincinnati, in order that a portion of her materials might be used in the construction of the new boat, witness sold out his interest

under his purchase to one James M. Buffington, for $1125 ; and the *Clara* was destroyed by fire on the night after this sale. In October, 1853, Cook went to Cincinnati, and there learning that witness had sold out his interest to James M. Buffington, he effected a rescission of that contract, by representing to the parties that "there was something wrong in Chappell's purchase, as his title was in fact good for nothing;" and on the rescission of that contract, Cook agreed to repay to witness the $700 advanced under the latter's purchase, on the latter surrendering to him his interest in the boats. After Cook and witness came back to Mobile, the former refused to repay the $700, and witness then instituted his action against him and Buffington, above referred to.

"Thereupon, the court charged the jury, that this action being brought by plaintiff to recover from the defendant contribution to a judgment which had been rendered against them jointly, but which had been paid by the plaintiff alone, evidence of that fact would entitle the plaintiff to recover a moiety of the amount so paid by him, provided the jury should find that said judgment was recovered on a contract; that if the jury, however, should believe from the evidence that the defendant in this action was not bound by any such contract to pay the debt upon which said judgment was founded, then the defendant will not be liable to pay contribution ; also, that the record produced in this action was *prima-facie* evidence to support the action against the defendant, and the fact that the defendant suffered a recovery against him, and failed to defend the suit, is a circumstance from which the jury may infer a recognition on his part of his liability.

"The court also charged the jury, (in order, as the judge stated, to avoid all misapprehension in regard to the law of the case,) that if they believed the evidence, they must find for the plaintiff."

These charges, to which the defendant excepted, are now assigned as error, together with the overruling of a demurrer to the complaint, and the refusal of several charges asked by the defendant.

W. C. Easton, for appellant.

F. S. Blount, *contra*.

STONE, J.—In the suit between Chappell as plaintiff, and Buffington and Cook as defendants, the issue necessarily made by the pleadings was, whether the defendants, or either and which of them, had incurred a legal liability to the plaintiff. As between the two defendants, there was, and probably could be, no issue formed on the relative liabilities of the defendants *inter sese*. Hence, in that trial, no evidence was or could be properly introduced or examined, having for its object the establishment of such relative liabilities. There is wanting then, in this case, the necessary ingredients of an estoppel by record, as to the fact and measure of liability between Cook and Buffington.—1 Greenl. Ev. § 523.

[2.] The oral testimony did not authorize the charge which the court gave on the effect of the evidence. It certainly cannot be affirmed that it establishes, without conflict, the right of plaintiff to recover in this action. Shep. Dig. 459, §§ 13, 14, 15.

Reversed and remanded.