## WALTERS v. WOOD.

### CRABTREE v. SAME.

1. **Former adjudication:** FACTS NOT CONSTITUTING. Plaintiffs and defendant and one J. were joint makers of a note to P., and in an action thereon by P., to which J. was not a party, plaintiffs herein pleaded that they were sureties only for defendant herein, and defendant pleaded that he signed the note only as a surety, but did not state for whom. The court found that plaintiffs and defendant herein were all sureties, and rendered judgment against them as such. *Held* that, in these actions, brought by plaintiffs as sureties of defendant in said note, to recover of defendant the amount paid by them on said judgment, the finding of the court in said cause that the defendant herein was only a surety on said note, could not be set up as an adjudication binding upon plaintiffs herein, because plaintiffs and defendant herein were co-defendants in said former action, and said adjudication was not the determination of any issue joined between them.

*Appeal from Marshall District Court.*

TUESDAY, JUNE, 12.

THE defendant, Wood, one Jackson, and the plaintiffs, executed a promissory note to D. N. Pickering, and the plaintiffs claim that the defendant was the principal debtor and they

his sureties, and that they have been compelled to pay Pickering a portion of the amount due on the note; and this action was brought to recover the amount so paid. The defendant pleaded a prior adjudication. Trial to the court, and judgment for the plaintiffs. The defendant appeals.

*Brown & Varney*, for appellant.

*Binford & Snelling* and *O. L. Binford*, for appellees.

Seevers, J.—The appellant moves the court to strike the additional abstract from the files. We do not think the motion should be sustained, but deem it unnecessary to state the reason for this holding, because, for the purposes of the case, such abstract will be disregarded.

The note to Pickering was signed by the makers in the following order: Wood, Jackson, Crabtree, Walters. The note on its face failed to indicate who were principals and who sureties. Pickering brought suit against all the makers, we presume, but the record shows that he only recovered judgment against the plaintiffs and defendant. If Jackson was a party to the action, for some reason unknown to us, Pickering failed to obtained judgment against him.

In that action the plaintiffs pleaded "that they signed" the note "as security for N. W. Wood," and the latter pleaded that he "was surety only, and not liable as principal on the note." To such pleadings no reply was filed by Pickering.

The court found that the plaintiffs and defendant were all sureties, and judgment was rendered against them as such. The court calendar shows that the judgment was entered "under the rule by agreement. Clerk assess." It is this judgment which is pleaded and relied on as a prior adjudication, and counsel for the appellant conceded that if this is not a valid defense, none exists.

The material question in the case, in our judgment, is whether any issue was joined between the defendants in the Pickering action, which could be tried and determined. As

between Pickering and the defendants in that action, it may be conceded that the court could, and did, properly determine that both the plaintiff and defendants were sureties.

In actions at law, issue cannot be formed and tried between defendants therein, unless there is some statute which authorizes it. Persons not made parties may intervene and have their rights adjudicated, and defendants may, as between themselves, have their rights adjudicated. But there must ordinarily be some pleading filed by some defendant which demands relief against a co-defendant. In the action brought by Pickering, no cross petition was filed, nor was any relief asked by the plaintiffs or defendant herein against each other. The pleadings filed by these parties in the Pickering action consisted of an answer merely, and simply set up that the parties to this action were all sureties and, as against Pickering, the court so found. It is evident that the answers were filed and the facts therein were pleaded under Code § § 3039 to 3042, inclusive. The object of these sections is to enable one who is a surety to have it so declared of record, to the end that the property of the principal debtor may be first exhausted. It may be this should be held to be an adjudication as between the principal debtor and the surety, even under such pleadings as were filed in the Pickering case, but, clearly, this cannot be so unless the principal debtor was a party. Now, if the plaintiff and the defendant were all sureties, then Jackson must have been principal, and if the adjudication is conclusive on the plaintiffs and defendant, it must be so as to Jackson. But this cannot be, because he was not a party to the action, or, at least, the record fails to show that he was.

It is said, the judgment in the Pickering case was entered by agreement; that is, that plaintiff and defendant agreed that they were all sureties. But we understand this to mean as to Pickering, and not as between themselves.

AFFIRMED.