[Filed April 18, 1892.]

## MARIA A. RAWSON *v.* CHARLES J. STEWART.

JUDGMENTS — JOINT PARTIES — INDIVIDUAL LIABILITY.—As between several parties to a judgment, not adversary to each other in the original action, the question of the liability of any of them is always open to subsequent inquiry by appropriate litigation.

RELEASE — PLEADING — EVIDENCE — VERDICT.—A release, like every other contract, must be supported by a consideration; but where the release and the consideration are sufficiently pleaded, and there is some evidence tending to support the allegation, the verdict of a jury thereon will not be disturbed on appeal.

APPEALS — CHARGE FAVORABLE TO APPELLANT.—A party cannot complain on appeal of an instruction to the jury more favorable to himself than it should have been.

Linn county: R. P. BOISE, Judge.

Plaintiff appeals.    Affirmed.

The plaintiff's cause of action grows out of the following facts: That early in the year 1883, one E. E. Luce and the defendant Charles J. Stewart were partners in the business of banking, under the name of the Bank of Breckinridge, at the town of Breckinridge, state of Minnesota; that they were desirous of securing the public funds of Wilkin county in said state to be deposited in their bank; and for that purpose they, as principals, with Peter Schroeder, L. F. Yeaton, William Rawson, E. M. Cooper, and C. H. Peak, as sureties, executed and delivered to A. W. Coates, county treasurer of said Wilkin county, or his successors in office, a bond in the penal sum of ten thousand dollars, with these conditions: "The condition of the above obligation is such that, whereas the treasurer of Wilkin county, state of Minnesota, has designated the Bank of Breckinridge, Minnesota, as a depository for the funds of said county; and whereas

the aforesaid E. E. Luce and C. J. Stewart are the proprietors of the said Bank of Breckinridge; now, therefore, if the said E. E. Luce and C. J. Stewart shall well and truly pay unto said treasurer or his order all money coming into their hands as depositaries of said county, then this obligation to be void, otherwise of full force and effect."

The complaint alleges, that between the twenty-sixth day of January, 1883, and the tenth day of May, 1883, and while said Luce & Stewart were doing business as aforesaid, and while their said bank was the depository for the county funds of said county of Wilkin, the said treasurer deposited in said bank the aggregate sum of six thousand four hundred and twenty-nine dollars and seventy-nine cents, which money came into their hands as depositaries of said Wilkin county. Demand for said sum is alleged to have been made, and that only one thousand four hundred and forty-nine dollars and thirty-three cents was paid to said treasurer; that said treasurer thereafter, on the ninth of June, 1883, duly commenced an action in the district court for the county of Hennepin, in said state, against all the parties to said bond, to recover the balance of four thousand nine hundred and eighty dollars and forty-six cents; that thereafter such proceedings were had in said action that on the thirty-first day of March, 1885, a judgment was rendered in said action in favor of said Albert W. Coates and against the defendants for the sum of five thousand five hundred and seventy-eight dollars and ninety-one cents as damages, one hundred and ninety-seven dollars and seventy-three cents costs, amounting to five thousand seven hundred and seventy-six dollars and sixty-four cents; that on the thirtieth day of April, 1885, said E. M. Cooper paid on said judgment the sum of five hundred dollars. It is further alleged that at the time the demand was made upon him for said money, Luce was insolvent, and so continued up to the time of his death, and that no part of said five hundred dollars has ever been paid to said Cooper, who died on the twenty-sixth

day of February, 1885, testate, devising and bequeathing all his property, both real and personal, to plaintiff Maria A. Rawson; that said will was duly proven and admitted to probate in Wadena county, Minnesota, and said estate duly awarded to plaintiff by the county court, including the said claim of five hundred dollars paid as aforesaid by said Cooper.

The answer admits that the defendant and Luce did business as partners under the name of the Bank of Breckinridge; denies that any other or greater sum was deposited with Luce and defendant than one thousand six hundred and sixty-one dollars and thirty-three cents, or that they failed to pay the same or any part thereof, except two hundred and twelve dollars; and denies all the other allegations of the complaint except the recovery of the judgment on the bond. For a further defense the answer alleges in substance, that the defendant and Luce dissolved partnership about the twenty-eighth of February, 1883, and that said A. W. Coates, said county treasurer, was immediately notified of said dissolution; that although judgment was had and obtained against this defendant and the said E. E. Luce, as principals, and the said L. F. Yeaton, C. H. Peak, William Rawson, Peter Schroeder, and E. M. Cooper, as sureties upon said bond, as alleged and shown in plaintiff's complaint, the truth is, that all said funds upon which such judgment was obtained were deposited with said E. E. Luce except the sum of two hundred and twelve dollars, after the dissolution of said co-partnership, as aforesaid, and that by reason thereof this defendant was always treated and considered by said sureties and the said E. E. Luce *as surety only on* said bond; that about the date of said judgment, said Luce transferred, conveyed, and set over to the said Peak and Schroeder a large amount of real and personal property, the exact value and amount thereof this defendant is now unable to state, to secure said Peak and Schroeder as well as the said Yeaton, Rawson,

Cooper, and this defendant, against the payment of said bond and the judgment obtained thereon as such sureties, and to reïmburse them· for any amount they or either of them, including this defendant, might have been required to pay on said judgment as such sureties or otherwise; and that about the same date, the said Luce transferred, conveyed, and set over to said Peak, certain other real and personal property in trust for the use and benefit of said Peak and Schroeder as well as for the use and benefit of the said Yeaton, Rawson, Cooper, and this defendant, to secure them and each of them against the payment of said bond and judgment obtained thereon as such sureties, and to reïmburse said sureties and this defendant for any amount they or either of them might have been required to pay upon said judgment, the value and amount of which said property this defendant is now unable to state; that Rawson, one of said sureties, was insolvent, and never paid anything on said judgment; that Cooper paid five hundred dollars; but that subsequent to the payment of said five hundred dollars by said Cooper, to wit, about the twenty-third day of September, 1885, in consideration of the real and personal property that had been transferred, conveyed, and set over by the said Luce to said Peak and Schroeder to secure said sureties, including this defendant, against any liability upon said bond and judgment obtained thereon, and in consideration of said real and personal property that had been transferred, conveyed, and set over by the said Luce to Peak, for the use and benefit of said sureties, including this defendant, to secure them and each of them against any liability upon said bond and the said judgment obtained thereon, and for the further consideration that this defendant would, for himself and the said Yeaton, pay upon said judgment the sum of one thousand dollars, and this defendant and Yeaton would release, relinquish, and give up unto the said Cooper, Peak, and Schroeder, all their right, title and interest in and to said real and per-

sonal property, so conveyed as security and in trust, as aforesaid, they, the said Cooper, Peak, and Schroeder, undertook and agreed to release this defendant and Yeaton from any further liability to them or either of them upon said bond or judgment and every part thereof, and also to release this defendant and Yeaton from or on account of any liability to them or either of them, for any amount that they, or either of them, had prior to the twenty-third day of September, 1885, paid upon said judgment as such sureties or otherwise; that in pursuance of said agreement, the defendant and Yeaton did, on the said twenty-third day of September, 1885, release, relinquish, and give up at the request of the said Cooper, unto the said Peak and Schroeder, all their right title and interest in and to said real and personal property conveyed as security and in trust as aforesaid to the said Peak and Schroeder by the said Luce, and that at the same time this defendant for himself and the said Yeaton paid upon said judgment one thousand dollars, and the said Peak, Schroeder, and Cooper then and there released this defendant as well as the said Yeaton from all claims and demands of whatsoever name and nature they or either of them had or held against this defendant as well as the said Yeaton, by reason of this the said Peak, Schroeder, and Cooper, or either of them, having paid any part of said judgment, or by reason of their said liability upon said 'judgment; and the said Cooper then and thereby released this defendant from any and all liability to him by reason of the said Cooper having paid the said sum of five hundred dollars on said judgment, and that said Cooper was fully and entirely reimbursed out of the said property conveyed as security and in trust . as aforesaid, for the payment of the said five hundred dollars on said judgment.

The reply denied the new matter in the answer. There was a verdict for the defendant; and judgment being ren-

dered thereon in his favor, the plaintiff appeals. The other facts appear in the opinion.

*Woodward & Woodward*, for Appellant.

·*Charles E. Wolverton*, for Respondent.

STRAHAN, C. J.—The only questions presented by this appeal relate to the rulings of the court at the trial in the admission of evidence, and the instructions given to the jury. The court below permitted evidence to go to the jury tending to prove that the sureties on the bond, for a valuable consideration, entered into an agreement with the defendant that he should be regarded as a surety with them on said undertaking after his withdrawal from the firm of the Bank of Breckinridge, and that in consideration of money paid and the relinquishment by him of all claim upon the trust fund created by Luce, they, as well as Cooper, as between themselves, released him from all liability created by said bond on the judgment rendered thereon, or Cooper's payment of five hundred dollars on the judgment. The first contention of the appellant is, that this evidence is incompetent. To state the objection in the language of counsel: "The allowance of the question and answer to go to the jury, is the allowance of oral proof to vary the terms of a solemn judgment of a court upon a sealed instrument, fixing the status of all parties thereto, and to change the relative rights of the parties thereto; and this, too, by the testimony of a witness who is known to have assumed the obligations of a bond indemnifying the defendant in this case against his liability as a principal judgment debtor." This objection and others presenting the same question, rest upon a misconception as to the effect of a judgment against several defendants as between themselves, in subsequent litigation growing out of the same transaction. In such case, does the judgment conclude the parties, or may the real facts be shown? In such case the several defendants are not adversary par-

ties, and the judgment might be entered on the allegations of the plaintiff. The questions of right between the several defendants might not be at all material in that action, but might become so in a subsequent action between the defendants themselves. In such case, there is no reason why the truth may not be shown, and there is nothing in the rule of law on this subject to preclude it. On the contrary, it is held by all the authorities, so far as I have been able to discover, that the judgment does not conclude said defendants in such case. "Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recover a judgment against B and C upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein, a joint judgment establishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated; but a judgment against two joint debtors prevents either from denying the existence and obligation of the debt, though he may still prove, by any competent evidence in his power, that the whole burden of the obligation should be borne by the other." (Freeman, Judg. § 158; *McMahan* v. *Geiger*, 73 Mo. 145; 39 Am. Rep. 489; *Buffington* v. *Cook*, 35 Ala. 312; 73 Am. Dec. 491; *Gardner* v. *Raisbeck*, 28 N. J. Eq. 71; *McCrory* v. *Parks*, 18 Ohio St. 1; *Cox's Admrs.* v. *Hill*, 3 Ohio, 412; *Duncan* v. *Holcomb*, 26 Ind. 378; *Dent* v. *King*, 1 Ga. 200; 44 Am. Dec. 638; *Harvey* v. *Osborn*, 55 Ind. 535; *Walters* v. *Wood*, 61 Iowa, 290.)

Counsel next insists that the evidence offered by the defendant, tending to prove that after the rendition of the judgment in Minnesota upon the bond and the payment of five hundred dollars thereon by Cooper, he, Cooper, released the defendant from all liability to him on account

of such payment, is incompetent. The ground of this objection does not very distinctly appear from the brief. One objection is that there was no consideration for the release. A release, like every other contract, must be supported by a consideration or else it is a *nudum pactum;* but here a sufficient consideration is alleged, and there is some evidence in the record tending to prove the same. The defendant could not put his whole case before the jury at one time, nor elicit all the testimony necessary to support it from one witness. He might prove the consideration by one witness and the fact of the release by another. Whether he did so or not was a question for the jury. The evidence objected to on this point tended in some degree to prove that Cooper released the defendant from all claim or liability on account of the payment by him of this five hundred dollars on the judgment; somewhat remote, it is true, but it related to that subject and could have no other effect. Some of the answers appear not to be altogether responsive to the interrogatories, but the interrogatories were proper, and in such case the appellant should have moved to exclude the answers, and not have rested on his objection to the interrogatories. It is proper to add that this evidence was taken outside of the state upon interrogatories, and this was the only course left open to the appellant.

The last objection is to the charge. The part excepted to is as follows: "If he, Cooper, made this agreement, that he would not demand the payment of the five hundred dollars back from Stewart in consideration that he be released from further liability, it is binding, and plaintiff cannot recover." This instruction fails to state the entire consideration as the same was disclosed upon the trial. Whether the payment of five hundred dollars, being a less amount than was due, and only a part performance of what the defendant was already bound to do, may be questioned; but he did more than this: he paid five hundred dollars for Yeaton as well as five hundred dollars for himself, and

then relinquished to Peak, Schroeder, and Cooper all his interest in the trust property assigned and conveyed to indemnify and save harmless the persons named, as well as Yeaton and the defendant. These acts constituted a sufficient consideration for the release. There was evidence on the subject before the jury; and if, through oversight or otherwise, the court did not put the instruction as broadly as the defendant was entitled to have it, the plaintiff cannot complain. The omission did her no injury, and it did not mislead the jury; and the verdict being for the right party, the same will not be disturbed.

Let the judgment be affirmed.