Minshall, J.
It is averred in the petition, and not denied in the answer, that the action in which the judgment was rendered against Koelsch, was upon a bond made by one Wichmann as principal, with Koelsch and Mecum, then in life, as co-sureties, for the faithful performance of the duties of the principal as treasurer of the school district of Reading’, in Hamilton county. The substance of the answer is, that the action in which the judgment was rendered, was prosecuted against the plaintiff and the defendant, as administrator of' Mecum, on what purported to be a bond, both being sued as sureties; and that it was determined therein by the verdict of the jury that the defendant was not liable on the bond, and that the plaintiff alone was liable thereon. What the issues between the obligee and the defendants or either of them,, were, is *211 not stated. Hence, the ground of the defense must be, that', as both were parties to that action, the judgment, irrespective of what the issues were, releasing one of the defendants, is conclusive of his liability upon the bond as against the other, and*of any liability to contribute as a co-surety to the one who was held and compelled to pay the judgment. We do- not regard this as the law. Whilst the exact limits of the doctrine of res judicata in its application to some cases, are not definitely settled, it is accepted as generally true, that the judgment relied on for that effect in subsequent litigation, must have been pronounced upon the same issues, between the same parties, or their privies, standing in an adversary character to one another. By this is not. meant that they should have stood upon the record as plaintiff and defendant, but that this should have been their real attitude upon the issues tried and determined. As before observed,/the defendant does not state what the issues were in the former action. If any were joined between himself and the plaintiff in this action, the determination of which may be relied on as conclusive of the rights of the parties, they should have been pleaded. They cannot be left to conjecture. The mere fact that it was there determined that he was not liable on the bond to the obligee, cannot conclude the plaintiff in this action from demanding contribution from the estate of his deceased co-surety, if, as a matter of fact, they were co-sureties on the bond, and the plaintiff has been compelled to discharge all, or more than his just proportion, of the common liability. The subject matter of the two actions is different. The former was a suit on a treasurer’s bond by the obligee against the *212 makers as co-defendants to recover lor a breach of it. The present is a suit by one surety on the bond against the estate of another for contribution; and had not accrued at the time of the former suit. . It is not based upon the bond. In the language’ of McIlvaine, J., in Camp v. Bostwick, 20 Ohio St., 337: “It,” the right to contribution, “is an equity which springs up at the time the relation of co-sureties is entered into, and ripens into a cause of action when one surety pays more than his proportion of the debt. From this relation the common law implies a promise to contribute in case of unequal payments by co-sureties. ’ ’ And he adds, “Neither the creditor, the principal, the statute of limitations, nor the death of a party, can take it way. ’ ’ And so, it was there held, that though the estate was, by the statute of limitatations, released from its direct liability to the creditor, it, nevertheless, remained liable to contribute to a co-surety who had paid more than his moiety of the debt. See also, Kinkead’s Code Pleading, section 457.
It is not enough that an issue may have been joined between the obligee and the defendant, as to the liability of the latter on the bond. Whatever that issue may have been, it was not an issue between himself and his co-defendant, the plaintiff in this action, and could not therefore conclude the latter; though parties to the suit they were not such in an adversary character, being simply co-defendants to the suit on the bond. The plaintiff in this suit could not in the former suit, as a matter of right, have insisted on the admission or rejection of evidence on the trial of the issue; had no right to move for a new trial, nor prosecute error if aggrieved by the rulings of the court; *213 and hence he cannot be held bound by the judgment in any subsequent litigation to which he may be a party. Vose v. Morton, 4 Cush., 31.
It is the general rule that parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they are adversary parties in the original action. Freeman on Judgments, § 158; Blacken Judgments, § 599; 21 Am. & Eng. Enc. Law, 151; McMahan v. Geiger, 73 Mo., 145; Gardner v. Raisbeck, 28 N. J. Eq., 71; Buffington v. Cook, 35 Ala., 312; Harvey v. Osborn, 55 Ind, 535; Cox’s Adm'r v. Hill, 3 Ohio, 412, 424.
The case of McCrory v. Parks, 18 Ohio St., 1, is' much in point. There the action below was a suit by one surety on a sheriff’s bond against his co-sureties for contribution. The question arose on a cross-petition filed by one of them, and the reply of the plaintiff. In the cross-petition the allowance of a claim of money paid on the amercement of the sheriff, to which all had been made parties, was asked. The reply controverted the justice of the judgment, and claimed that it should not have been rendered — that the amercement had been for the alleged failure of the sheriff to pay over moneys made on an execution against the cross petitioner; that, though the court found and adjudged in the former action that the money had been paid, yet, as a matter of fact, it had not been paid, and the judgment was wrongly entered; and the question arose, whether having been a party -to the former ‘judgment, the plaintiff was not con-' eluded by it. The court held not, for the reason that the parties to this suit were not adversary parties in the former suit, and that their respective rights against each other were not in contro *214 versy in that suit. The only difference between this case and the one under review is, that in the former case a judgment was pleaded in which the opposite party was held to an obligation, and here he was released. But this can make no difference in the application oh the principle; the conclusiveness of the judgment, in either case, must depend on the same question — whether an issue was joined between the parties and determined in the former; case, material to their respective rights in the subsequent suit; for, as shown by the authorities above cited, and they are sustained by reason, when such is not the case, there is no g’round for the application of the doctrine of res juclicatco; which rests upon that principle of public policy, which requires that where a matter has once been tried and determined on issues joined between the parties in interest in a court of competent jurisdiction, there should in the interest of society, be an end of litigation. It, however, reaches and concludes only parties to the issue; and does not affect persons who, though parties to the suit, were not parties to the issue upon which the judgment was rendered. The latter being strangers to the issue, are, in a legal sense, strangers to the judgment.
Judgment of the circuit court reversed, and that of the common pleas afp/i-med.
Williams, J., dissents.