Rockingham, }
May 2, 1911. }

## WOODBURY & a. v. FERGUSON.

Where members of a firm engaged in the sale of intoxicating liquor bring suit on the bond of a copartner to save them harmless from loss by reason of his conduct of the business, a decree of the board of license commissioners revoking the license is conclusive proof of a violation of its provisions, but does not furnish evidence of personal wrongdoing on the part of any of the licensees.

In such case, evidence that one member of the firm was in charge of the premises where the license was exercised is competent to prove his personal responsibility for the violation.

DEBT, on a bond. The plaintiffs introduced evidence that a second-class license for the sale of intoxicating liquors at Hotel Rockingham, in Salem, was issued to the plaintiffs and the defendant as partners, on May 1, 1908. Ferguson gave the plaintiffs a bond conditioned to save them harmless from any loss by reason of his conduct of the bar at the hotel. A complaint was made to the license commissioners that the licensees had violated their license, and upon hearing the license was revoked. The plaintiffs paid the license bond. Ferguson was running the hotel at the time the violation occurred. All the evidence was received subject to the defendant's exception. A nonsuit was ordered, and the plaintiffs excepted. Transferred from the January term, 1910, of the superior court by *Plummer* J.

*W. Dubois Pulver* and *G. K. & B. T. Bartlett*, for the plaintiffs.

*Eastman, Scammon & Gardner*, for the defendant.

PEASLEE, J. The proceedings before the license commissioners were judicial, and the final order made by the commissioners was a judgment. *State* v. *Corron*, 73 N. H. 434. It was conclusive between any of the parties thereto. *Lamberton* v. *Dinsmore*, 75 N. H. 574. It follows that the decree that the license be revoked was properly received in evidence, if that fact was material to the issues being tried. It was an essential part of the plaintiffs' case to show they had been damaged by a violation of the license. One step was to prove a violation, and this was properly and conclusively shown by the judgment.

The defendant claims that if the judgment proves anything it

shows the plaintiffs equally as guilty as the defendant. If this were true, it would be fatal to a recovery here. *Boston & Maine R. R.* v. *Brackett*, 71 N. H. 494, 496. But that judgment is conclusive only as to the matters litigated. Questions not then determined are still open. *Boston & Maine R. R.* v. *Sargent*, 70 N. H. 299; *S.C.*, 72 N. H. 455. The judgment does not show that all or any of the licensees were personally guilty of any wrongdoing. The statute provides that a license may be revoked "if any provision of this act is violated at the place designated in the said license by the holder of the same, or by his agents, servants, or any person whomsoever in charge of said premises." Laws 1903, *c*. 95, *s*. 14. A complaint under this statute properly charges the licensees with wrongdoing, because as between them and the state they are responsible for the conduct of the business, no matter who is in actual charge of it. It is like the ordinary case where one is legally responsible for another's failure to perform a legal duty. If the violation had been the unauthorized act of a bartender, the license would have been forfeited; and if the bartender had been notified of the complaint by the licensees, the judgment would have bound him in a subsequent proceeding by them to recover from him the damages caused by his wrongful act. *Gregg* v. *Company*, 69 N. H. 247. The situation is not a novel one. "In many instances several parties may be liable in law to the person injured, while as between themselves some of them are not wrongdoers at all; and the equity of the guiltless to require the actual wrongdoer to respond for all the damages, and the equally innocent to contribute his proportion, is complete." *Nashua etc. Co.* v. *Railroad*, 62 N. H. 159, 160.

To show that the real wrongdoer was the present defendant, the plaintiffs introduced evidence that at the time the license was violated the defendant was in charge of the premises where the license was exercised. This was substantial evidence tending to prove that the defendant was personally guilty, and entitled the plaintiffs to go to the jury on that question.

No other objections to the admissibility or sufficiency of the evidence have been argued and none are perceived.

*Plaintiffs' exception sustained: defendant's exception overruled.*

All concurred.